IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-687-BO

| | | |
|---|---|---|
| MARK EUGENE DAUGHTRIDGE,<br>    Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | O R D E R |
| NANCY A. BERRYHILL,<br>*Acting Commissioner of Social Security*,<br>    Defendant. | )<br>)<br>)<br>) | |

This matter is before the Court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Robert T. Numbers, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b). [DE 21]. For the following reasons, the Court adopts the M&R.

## BACKGROUND

On December 7, 2009, plaintiff filed an application for disability benefits from the Social Security Administration. In a determination dated January 25, 2010, plaintiff was found disabled as of November 1, 2008. His disability was determined to have continued in a subsequent determination dated August 26, 2011. On January 6, 2015, the Social Security Administration found that plaintiff was no longer disabled as of January 7, 2015. This determination was upheld upon reconsideration. Plaintiff then appeared before Administrative Law Judge ("ALJ") Miller for a hearing to determine whether he was entitled to benefits. After the hearing, ALJ Miller determined that plaintiff was not entitled to benefits because his previously-determined disability ended on January 7, 2015. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought timely review of the Commissioner's decision in this Court, which referred the matter to Magistrate Judge Numbers for entry of an M&R under 28 U.S.C. § 636(b). [DE 16].

On May 18, 2017, Magistrate Judge Numbers entered an M&R recommending that the court deny plaintiff's motion, grant the Commissioner's motion, and affirm the ALJ's decision. [DE 21]. Within the time allowed, plaintiff filed a written objection to the M&R. [DE 23].

DISCUSSION

A district court is required to review *de novo* those portions of an M&R to which a party timely files specific objections or where there is plain error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). "[I]n the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation and citation omitted).

Despite plaintiff's awareness of his obligation to file written objections to the M&R, plaintiff did not do so with any particularity and only made generalized objections that much of the record evidence is unreliable and untrustworthy. The court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Wells v. Shriners Hosp.*, 109 F.3d 198, 200–01 (4th Cir. 1997). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only those portions of the report or specified proposed findings or recommendations to which objection is made." *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007).

Plaintiff objected first to the M&R by arguing generally that the ALJ erred by failing to properly consider plaintiff's Veterans Affairs ("VA") disability rating or records. As a

2

foundational matter, an ALJ is not bound by a disability decision by another governmental agency, such as the VA. SSR 06-03p. However, the Fourth Circuit has noted that "both the VA and Social Security programs serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability" and, thus, "in making a disability determination, the SSA must give substantial weight to a VA disability rating." *Bird v. Comm'r of SSA*, 699, F.3d 337, 343 (4th Cir. 2012). The ALJ is relieved from this only when "the record before the ALJ clearly demonstrates that such a deviation is appropriate." *Id.*

Here, the ALJ gave the VA rating moderate weight and supported the reasoning behind this deviation. As explained by Magistrate Judge Numbers, the VA rating was based primarily on plaintiff's PTSD, which the ALJ found not to be a significant factor during the period in question. The ALJ also explained that the VA rating did not determine plaintiff's overall functional capacity, which the ALJ assessed independently after reviewing the record evidence. It does not appear that plaintiff has any objection to these specific findings by the ALJ, *see* [DE 23], but rather argues that no other evidence in the record has the same depth of information as the records and ratings from the VA. Plaintiff also objected to the ALJ's use of consultative examination evidence, and alleged that such examinations utilized "substandard facilities and [a] lack of professional standards." [DE 23]. The ALJ is not bound to any particular source of evidence or credibility finding to the exclusion of others. Instead, an ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a). Additionally, the ALJ's opinion must "include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (citing *Hines v. Bowen*, 872 F.2d 56, 59 (4th Cir. 1989)). For the reasons given in the M&R, the ALJ satisfied these

requirements and sufficiently considered the record evidence and supported his findings as to the proper weight to give each piece of evidence.

Plaintiff also argued in his written objections that the ALJ and the physicians cited in the record engaged in a "blatant effort to misguide any appeal or judges [sic] decision," [DE 23], but did not offer any credible support for this serious allegation. For example, the ALJ noted that February, 2015 imaging tests of plaintiff's spine showed minimal degenerative changes with no evidence of spinal canal stenosis. Tr. at 18. Plaintiff argues in his written objections that this test was actually a basic plate X-Ray which cannot show spinal canal stenosis. [DE 23]. Plaintiff alleges that this is proof of an intentional effort by either the ALJ or physician to misguide his appeal. *Id.* However, the record shows that this test, performed at the VA, was in fact an "MRI C SPINE WITHOUT CONTRAST" test and did in fact show the results cited by the ALJ in support of his decision. Tr. at 607. Plaintiff's allegations of impropriety on the part of the ALJ or consultative physicians are not credible and do not give this Court reason to overturn the M&R.

Having considered the M&R and record alongside plaintiff's objections, the Court is satisfied that there is no error and accepts the Magistrate Judge's recommendation.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the Magistrate Judge's M&R in its entirety. [DE 21]. Accordingly, plaintiff's motion [DE 15] is DENIED and defendant's motion for judgment on the pleadings [DE 19] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this 30 day of June 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4